The Honorable Terry Smith State Representative 101 Caroline Acres Road Hot Springs, AR 71913-9740
Dear Representative Smith:
This is in response to your request for an opinion on the following question:
 Can the city council vote to abolish the elected town marshal position by paying severance pay (in reference to the enclosed letter)?
It seems clear from the correspondence attached to your request that the issue in this regard focuses on the legality of the severance pay. While the city clearly had the authority to make this an appointed office (see A.C.A. § 14-44-111 (Repl. 1998)), the city also acknowledges that the elected marshal could not be removed from office before his elected term expired. As stated by the court in City of Greenbrier v. Cotton,293 Ark. 264, 737 S.W.2d 444 (1987):
 [i]f the city marshal is elected, he is an independent public official. An elected marshal cannot be fired by the mayor or city council. See Ark. Stat. Ann. § 19-1103 [A.C.A. § 14-44-109].[1]
293 Ark. at 297.
This office has thus previously noted that an elected officer cannot be replaced with another person unless the office has been legally vacated, and an elected officer is entitled to serve the entire term to which he or she was elected. Op. Att'y Gen. 95-187 (regarding language in statutes similar to A.C.A. § 14-44-109, supra at n. 1, providing that the city clerk shall hold office until a successor is elected and qualified).
Because the city thus lacked the authority to abolish the elected marshal position during the incumbent's term, it reached a severance pay agreement with the marshal to obtain the marshal's resignation. Letter from David H. White to Honorable Terry Smith (Dec. 10, 1998). This was motivated by the city's desire to appoint a certified law enforcement officer as marshal.
While the city's desire to obtain the services of a certified law enforcement officer is in my view laudable, I must conclude that the severance pay agreement is improper. See generally Ark. Const. art. 16, § 13 (illegal exaction provision); Pledger v. Featherlite Precast Corp.,308 Ark. 124, 823 S.W.2d 852, cert. denied 506 U.S. 826 (1992). As stated in City of Greenbrier, supra, "[a] marshal is compensated in one of two ways, either by fees collected for certain services . . . or by a salary from the city council or both." 293 Ark. at 264. While there is general authority for the proposition that the right of compensation is not dependent upon the performance of the duties of the office (67 C.J.S.Officers § 219(b) (1978)), I have found no authority for paying a former marshal, or any other municipal officer, beyond his period of service. Indeed, the general rule is that "[a]n official who has resigned thereby waives all right to salary during the time he is separated from the public service." Id. at § 220.
It is therefore my opinion that the "severance pay agreement" whereby the city agrees to "buy out the remaining time the marshal had in office in return for his resignation" (Letter, supra), is unlawful.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Section 14-44-109(a) provides that an elected city marshal "shall continue in office until his successor is elected and qualified."